1  DEBRA S. BELAGA (S.B. #083237)
   dbelaga@omm.com
2  AARON M. ROFKAHR (S.B. #227008)
   arofkahr@omm.com
3  O'MELVENY & MYERS LLP
   Embarcadero Center West
4  275 Battery Street
   San Francisco, CA 94111-3305
5  Telephone:   (415) 984-8700
   Facsimile:   (415) 984-8701
6
   Attorneys for Defendant
7  Bank of America NA, successor in interest to
   Bank of America NT &SA
8

9               **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11

12

13  JOHN L. WHEELER; GLORIA A. WHEELER,        Case No. C-08-03230-JL

14           Plaintiffs,                        **BANK OF AMERICA'S ANSWER TO PLAINTIFFS' COMPLAINT**

15      v.

16  BANK OF AMERICA NT & SA;                   **DEMAND FOR JURY TRIAL**
    LIBERTY REVERSE MORTGAGE;
17  SEATTLE FINANCIAL GROUP,

18           Defendants.

ANSWER TO COMPLAINT

Defendant Bank of America N.A., successor in interest to Bank of America NT & SA ("Bank of America"), by and through their attorneys, answers Plaintiffs' Complaint (the "Complaint") as follows:

## INTRODUCTION

Bank of America admits that John L. Wheeler and Gloria A. Wheeler are the Plaintiffs in this action. Except as so admitted, Bank of America denies each and every allegation contained in the introductory paragraph of the Complaint.

## PARTIES

1. Bank of America admits that Plaintiffs are consumers who have, and have had, bank accounts with Bank of America. Bank of America is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint regarding whether Plaintiffs resided at all relevant times in the City of Oakland, County of Alameda, and on that basis denies all such allegations. Bank of America denies each and every remaining allegation contained in Paragraph 1 of the Complaint.

2. Bank of America admits that (1) Bank of America is engaged in, among other things, a nationwide business of providing banking and other financial services, and (2) Bank of America has offices throughout California, including Alameda County. Except as so admitted, Bank of America denies each and every allegation contained in the first paragraph of Paragraph 2 of the Complaint.

Bank of America admits that Plaintiffs provided Bank of America with a cashier's check (Check No. 412925025) in the amount of $148.53 on or around November 8, 2005. Bank of America is without information or knowledge at this time sufficient to form a belief as to the truth of the remaining allegations in the second paragraph of Paragraph 2 of the Complaint, and on that basis denies all such allegations. Bank of America will promptly supplement its response to the allegations in the second paragraph of Paragraph 2 of the Complaint if and when appropriate.

Bank of America is without information or knowledge sufficient to

form a belief as to the truth of the allegations in the third paragraph of Paragraph 2 of the Complaint, and on that basis denies all such allegations.

Bank of America is without information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth paragraph of Paragraph 2 of the Complaint, and on that basis denies all such allegations.

Bank of America is without information or knowledge sufficient to form a belief as to the truth of the allegations in the fifth paragraph of Paragraph 2 of the Complaint, and on that basis denies all such allegations.

Bank of America is without information or knowledge sufficient to form a belief as to the truth of the allegations in the sixth paragraph of Paragraph 2 of the Complaint, and on that basis denies all such allegations.

Bank of America admits that Plaintiffs withdrew $1260.00 from their savings account on December 19, 2005. Bank of America is without information or knowledge at this time sufficient to form a belief as to the truth of the remaining allegations in the seventh paragraph of Paragraph 2 of the Complaint, and on that basis denies all such allegations. Bank of America will promptly supplement its response to the allegations in the seventh paragraph of Paragraph 2 of the Complaint if and when appropriate.

Bank of America admits that Plaintiffs withdrew $100.00 from their savings Account on June 16, 2006. Bank of America is without information or knowledge at this time sufficient to form a belief as to the truth of the remaining allegations in the eighth paragraph of Paragraph 2 of the Complaint, and on that basis denies all such allegations. Bank of America will promptly supplement its response to the allegations in the eighth paragraph of Paragraph 2 of the Complaint if and when appropriate.

**GROUND FOR PUNITIVE DAMAGES**

Bank of America denies each and every allegation contained in this subsection of the Complaint.

1              **NOTICE OF INSUFFICIENT FUNDS**

2              Bank of America admits that it charged Plaintiffs the following fees, in the following amounts, on the following dates: (1) an Insufficient Funds Fee for $38.00 on December 6, 2005, (2) an Insufficient Funds Fee for $93.00 on December 7, 2005, (3) an Insufficient Funds Fee for $31.00 on February 3, 2006, (4) an Insufficient Funds Fee for $31.00 on February 6, 2006, (5) an Insufficient Funds fee for $68.00 on May 2, 2006, (6) an Insufficient Funds Fee for $34.00 on May 11, 2006, (7) an Insufficient Funds Fee for $34.00 on May 15, 2006, (8) an Insufficient Funds Fee for $34.00 on May 22, 2006, (9) an Insufficient Funds Fee for $34.00 on May 31, 2006, (10) an Overdraft Item Fee for $35.00 on June 14, 2006, (12) an NSF: Returned Item Fee for $35.00 on June 27, 2006, (13) an NSF: Returned Item Fee for $35.00 on July 3, 2006, (14) an Overdraft Item Fee for $35.00 on July 14, 2006, (15) an NSF: Returned Item Fee for $35.00 on July 17, 2006, (16) an Overdraft Item Fee for $35.00 on November 3, 2006, (16) an Overdraft Item Fee for $35.00 on January 3, 2007, (17) an Overdraft Item Fee for $35.00 on January 22, 2007, (18) two Overdraft Item Fees for $35.00 each on April 25, 2007, (19) an Overdraft Item Fee for $35.00 on May 1, 2007, (20) an Overdraft Item Fee for $35.00 on May 9, 2007, (21) an Overdraft Item Fee for $35.00 on May 10, 2007, (22) three Overdraft Item Fees for $35.00 each on July 11, 2007, and (23) an Overdraft Item Fee for $35.00 on July 13, 2007. Bank of America is without information or knowledge at this time sufficient to form a belief as to the truth of the remaining allegations in the introductory chart of this subsection of the Complaint, and on that basis denies all such allegations. Bank of America will promptly supplement its response to the allegations in the introductory chart of this subsection of the Complaint if and when appropriate.

3.     Bank of America is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis denies all such allegations.

4.     Bank of America denies each and every allegation contained in Paragraph 4 of the Complaint.

                                         - 3 -                        ANSWER TO COMPLAINT

1      5.    Bank of America denies each and every allegation contained in Paragraph 5 of the Complaint.

### FIRST CAUSE OF ACTION

6. Bank of America incorporates by reference all prior paragraphs of this Answer in response to Paragraph 6 of the Complaint. Except as so admitted by incorporation, Bank of America denies each and every allegation incorporated by reference by Paragraph 6 of the Complaint.

7. Bank of America admits that (1) it is, and has been, in the business of providing a number of services to its individual and business customers, and among those services are banking services, (2) certain of Bank of America's customers receive various types of government benefits, (2) Bank of America provides direct deposit accounts for those customers who have elected to open such accounts, and (4) that certain customers have elected to have their government benefits directly deposited into their accounts. Except as so admitted, the Bank of America denies each and every allegation contained in Paragraph 7 of the Complaint.

8. Bank of America denies each and every allegation contained in Paragraph 8 of the Complaint.

9. Bank of America denies each and every allegation contained in Paragraph 9 of the Complaint.

10. Bank of America denies each and every allegation contained in Paragraph 10 of the Complaint.

11. Bank of America is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on that basis denies all such allegations.

12. Bank of America denies each and every allegation contained in Paragraph 12 of the Complaint.

13. Bank of America denies each and every allegation contained in Paragraph 13 of the Complaint.

1	14.	Bank of America denies each and every allegation contained in Paragraph 14 of the Complaint.

2	15.	Bank of America denies each and every allegation contained in Paragraph 15 of the Complaint.

3	16.	Bank of America denies each and every allegation contained in Paragraph 16 of the Complaint.

4	17.	Bank of America denies each and every allegation contained in Paragraph 17 of the Complaint.

5	18.	Bank of America denies each and every allegation contained in Paragraph 18 of the Complaint.

**SECOND CAUSE OF ACTION**

19.	Bank of America incorporates by reference all prior paragraphs of this Answer in response to Paragraph 19 of the Complaint. Except as so admitted by incorporation, Bank of America denies each and every allegation incorporated by reference by Paragraph 19 of the Complaint.

20.	Bank of America denies each and every allegation contained in Paragraph 20 of the Complaint.

21.	Bank of America denies each and every allegation contained in Paragraph 21 of the Complaint.

**THIRD CAUSE OF ACTION**

22.	Bank of America incorporates by reference all prior paragraphs of this Answer in response to Paragraph 22 of the Complaint. Except as so admitted by incorporation, Bank of America denies each and every allegation incorporated by reference by Paragraph 22 of the Complaint.

23.	Bank of America admits that California Code of Civil Procedure § 704.080 sets forth the exemptions applicable to levies by judgment creditors upon deposit accounts into which Social Security funds are directly deposited, but denies that section 704.080 has any relevance to the facts alleged in the Complaint. Except as so admitted,

1  Bank of America denies each and every allegation contained in Paragraph 23 of the
2  Complaint.
3      24.    Bank of America admits that California Code of Civil Procedure §
4  704.080 sets forth the exemptions applicable to levies by judgment creditors upon deposit
5  accounts into which Social Security funds are directly deposited, but Bank of America
6  denies that section 704.080 has any relevance to the facts alleged in the Complaint.
7  Except as so admitted, the Bank of America denies each and every allegation contained in
8  Paragraph 24 of the Complaint.
9      25.    Bank of America denies each and every allegation contained in
10  Paragraph 25 of the Complaint.
11      26.    Bank of America denies each and every allegation contained in
12  Paragraph 26 of the Complaint.
13      27.    Bank of America denies each and every allegation contained in
14  Paragraph 27 of the Complaint.
15      28.    Bank of America denies each and every allegation contained in
16  Paragraph 28 of the Complaint.

17  **FOURTH CAUSE OF ACTION**

18      29.    Bank of America incorporates by reference all prior paragraphs of
19  this Answer in response to Paragraph 29 of the Complaint.  Except as so admitted by
20  incorporation, Bank of America denies each and every allegation incorporated by
21  reference by Paragraph 29 of the Complaint.
22      30.    Bank of America denies each and every allegation contained in
23  Paragraph 30 of the Complaint.
24      31.    Bank of America denies each and every allegation contained in
25  Paragraph 31 of the Complaint.
26      32.    Bank of America denies each and every allegation contained in
27  Paragraph 32 of the Complaint.
28

1     33.    Bank of America denies each and every allegation contained in Paragraph 33 of the Complaint.

    34.    Bank of America denies each and every allegation contained in Paragraph 34 of the Complaint.

    35.    Bank of America denies each and every allegation contained in Paragraph 35 of the Complaint.

## FIFTH CAUSE OF ACTION

    36.    Bank of America incorporates by reference all prior paragraphs of this Answer in response to Paragraph 36 of the Complaint.  Except as so admitted by incorporation, Bank of America denies each and every allegation incorporated by reference by Paragraph 36 of the Complaint.

    37.    Bank of America denies that it in any way defamed Plaintiffs.  Bank of America admits that Plaintiffs provided Bank of America with a cashier's check (Check No. 412925025) in the amount of $148.53 on or around November 8, 2005.  Bank of America is without information or knowledge sufficient to form a belief as to the truth of the allegations in the Paragraph 37 of the Complaint regarding how much Plaintiffs owe to "Asset Acceptance, LLC Collection Agency," and on that basis denies all such allegations.  Except as so admitted, Bank of America denies each and every allegation contained in the Paragraph 37 of the Complaint.

    38.    Bank of America is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and on that basis denies all such allegations.  Bank of America will promptly supplement its response to the allegations in Paragraph 38 of the Complaint if and when appropriate.

    39.    The Bank is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and on that basis denies all such allegations.

40. Bank of America denies each and every allegation contained in Paragraph 40 of the Complaint.

41. In response to the prayer for relief, the Bank of America denies each and every allegation contained in the prayer and, further, Bank of America specifically denies that (1) Plaintiffs are entitled to any of the relief requested in the Complaint; (2) Plaintiffs have been damaged by the acts of Bank of America, in any amount whatsoever; (3) Plaintiffs are entitled to any award of compensatory or punitive damages or pre-judgment interest; (4) Plaintiffs are entitled to any preliminary or permanent injunctive relief, and (5) Plaintiffs are entitled to reasonable attorneys' fees or costs of suit.

## **AFFIRMATIVE DEFENSES**[1]

### **FIRST AFFIRMATIVE DEFENSE**

The Complaint and each purported cause of action thereof fails to state a claim on which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' cause of action under California Code of Civil Procedure § 704.080 fails to state a claim on which relief can be granted because fails that section applies only to accounts subject to levy for the enforcement of money judgments, and does apply to the Bank's conduct alleged in the Complaint.

### **THIRD AFFIRMATIVE DEFENSE**

The Complaint and each purported cause of action thereof fails to state facts sufficient to support a request for an award of punitive damages, and any imposition of punitive damages in this case would be excessive, and violate rights guaranteed under the United States Constitution and applicable state constitutions, as well as applicable federal and state law provisions..

---

[1] By virtue of having listed the following affirmative defenses, Bank of America does not assume any legal or factual burden not otherwise assigned to it under the law.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint and each purported cause of action thereof is barred in whole or in part by Plaintiffs' unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint and each purported cause of action thereof is barred by laches.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint and each purported cause of action thereof is barred by the doctrines of waiver and estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, and/or other similar doctrines, including, but not limited to, the fact that Plaintiffs are members of the putative class in *Anderson et al. v. Bank of America*, San Francisco Superior Court Case No. CGC-05-438769 and/or members of the class in *Miller v. Bank of America*, San Francisco Superior Court Case No. CGC-99-301917.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to assert the claims alleged in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint and each purported cause of action thereof is barred, in whole or in part, under applicable statutes of limitations or statutes of repose.

**TENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs are entitled to an award of damages or other monetary recovery, Bank of America is entitled, under the equitable doctrine of setoff and recoupment, to offset against any judgment that may be entered against Bank of America all obligations of the Plaintiffs owing to Bank of America.

**ELVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' recovery is barred or reduced to the extent Plaintiffs failed to

1  mitigate, minimize or avoid the damages alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery is barred or reduced to the extent the conduct Bank of America is alleged to have engaged in was lawful and/or privileged.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the principle of equitable estoppel.

### NUMBER] AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, whole or in part, by the doctrine of unjust enrichment.

### FOURTEENTH AFFIRMATIVE DEFENSE

If any damages have been sustained by Plaintiffs, although such is not admitted hereby or herein and is specifically denied, such damages were caused solely, or were contributed to, by superseding or intervening circumstances beyond the control of Bank of America, or by the conduct of third parties for whose conduct Bank of America cannot be held liable.

### FIFTEENTH AFFIRMATIVE DEFENSE

If any damages have been sustained by Plaintiffs, although such is not admitted hereby or herein and is specifically denied, such damages were caused solely, or were contributed to, by Plaintiffs, in which case any recovery must be barred or reduced in accordance with the principles of contributory and/or comparative fault.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs withdrew from their account and appropriated for their own use monies which they knew or should have known did not belong to them. Plaintiffs failed and refused to repay portions of such funds despite their promise to do so, causing monetary injury to Bank of America. Plaintiffs' claims for recovery of damages or other monetary amounts are barred, or must be offset, as a result of their foregoing conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are bared because account fees are part of the contractual

1 consideration to which customers agreed in exchange for the Bank's maintaining their
2 accounts.

### EITHTEENTH AFFIRMATIVE DEFENSE

4 Plaintiffs were given notice of charges that would be assessed against their
5 deposit accounts. Plaintiffs knew or should have known of such charges, and acquiesced
6 in them and continued to maintain their accounts and receive the benefits thereof.
7 Plaintiffs are therefore estopped from complaining about such charges and have waived
8 such complaints.

### NINTEENTH AFFIRMATIVE DEFENSE

10 Plaintiffs' claims are barred because charging standard account fees and
11 clearing overdrafts *within an* account are not creditor "setoffs" of debts and therefore are
12 not forbidden by California law. *See, e.g., Kruger v. Well Fargo Bank* 11 Ca1.3d 352
13 (1974).

### TWENTIETH AFFIRMATIVE DEFENSE

15 Plaintiffs' claims are barred because California Financial Code section
16 864, prescribes a comprehensive set of rules governing banks' setoffs of debts against
17 accounts (including accounts receiving Social Security and government benefits), and
18 explicitly *excludes* account fees and overdrafts from the definition of debts that are
19 subject to the setoff exemption restrictions. Cal. Fin. Code § 864 (a)(2).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21 The complaint and each purported cause of action thereof is in violation of
22 12 U.S.C. Section 484, which permits only the Comptroller of the Currency to exercise
23 visitorial powers over a national bank. Bank of America is a national bank. Plaintiffs'
24 complaint is an attempt to examine Bank of America's books records, activities and
25 manner of conducting business, and to regulate, direct or control the manner in which
26 Bank of America conducts business, and is therefore barred.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

28 The Complaint and each purported cause of action thereof is preempted by

1  the National Bank Act and regulations promulgated thereunder, which regulate national
2  banks and their business of maintaining deposit accounts.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

If the alleged defamatory statement was made, although such is not admitted hereby or herein and is specifically denied, the alleged defamatory statement is not actionable because such statement is not fairly susceptible of a defamatory meaning as a matter of law; such statement was true when allegedly made; and Bank of America did not act with actual malice as defined in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964).

### TWENTY-FORTH AFFIRMATIVE DEFENSE

Any conduct that is alleged to support Plaintiffs' causes of action for defamation was required pursuant to the Fair Credit Reporting Act, 5 U.S.C. §1681 *et seq.*

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Due to the general nature of Plaintiffs' allegations, and the necessarily varying circumstances of each alleged claim, additional affirmative defenses may be available to Bank of America of which Bank of America is unaware at this time.

### PRAYER FOR RELIEF

WHERFORE, the Bank of America prays that the Court determine and adjudge:

(a) that the Complaint be dismissed on the merits;
(b) that Plaintiffs take nothing by the Complaint;
(c) that Bank of America be awarded their costs, disbursements, attorneys' fees and expenses incurred herein; and
(d) that the Bank of America be awarded such other and further relief as the Court may deem proper.

# DEMAND FOR JURY TRIAL

Pursuant to F.R.Civ.P. 38 and Local Rule 3-6, defendant Bank of America, by undersigned counsel, hereby requests a jury trial of all issues triable of right by a jury.

Dated: July 11, 2008

                         DEBRA S. BELAGA
                         AARON M. ROFKAHR
                         O'MELVENY & MYERS LLP

                         By: _____/s/_____
                             Aaron M. Rofkahr
                         Attorneys for Defendant
                         Bank of America NA

SF1:721151.5