United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN L WHEELER; GLORIA A WHEELER,

Plaintiffs,

v

BANK OF AMERICA NT and SA; LIBERTY REVERSE MORTGAGE; SEATTLE FINANCIAL GROUP,

Defendants.

________________________________/

No C 08-3230 VRW

ORDER

On February 12, 2009, the court continued the stay in this matter pending the resolution of Miller v Bank of America NT and SA, 46 Cal 4th 630 (2009) ("Miller").

On June 1, 2009, the Supreme Court of California issued its decision in Miller. The court concluded that Bank of America's practice of balancing customers' accounts by applying account credits against account debits does not violate California law. 46 Cal 4th at 638-44.

//

On August 17, 2009, the court ordered plaintiffs to show cause why this action should not be dismissed in light of the fact that their complaint challenges the same banking practices that the supreme court has found to be legal. Doc # 43. In response, plaintiffs failed to acknowledge Miller or argue why their claims should be able to proceed. Doc # 45 at 1-4. Instead, plaintiffs list dates and times of various transactions and state that "Plaintiffs have different causes of action: FRAUD, DEFAMATION, BREACH OF OBLIGATION 3294, FORGERY, [and] NEGLIGENCE." Id.

As an initial matter, the court does not consider plaintiffs' response regarding forgery and breach of obligation because plaintiffs' complaint does not include such causes of action.

Plaintiffs' complaint consists of five claims: (1) fraud under California civil code ("civil code") sections 1709 and 1710; (2) negligent misrepresentation under civil code sections 1709 and 1710; (3) violation of civil code section 704.080; (4) intentional infliction of emotional distress; and (5) defamation. Plaintiffs' first, second, third and fourth causes of action challenge precisely the same banking practices that the supreme court found legal in Miller. 46 Cal 4th at 639-45. Indeed, much of plaintiffs' complaint is taken verbatim from the complaint in Miller. Doc ## 47-1 at 2-12; 47-2 at 10-20. Because the supreme court found these challenged bank practices to be legal, plaintiffs cannot state a claim under California law for claims one through four.

Plaintiffs' claim for defamation, while not addressed specifically in Miller, also fails. To state a claim for

defamation under California law, a plaintiff must show "an injury to reputation" that occurs "by means of libel or slander." Nguyen-Lam v Cao, 171 Cal App 4th 858, 867 (2009) (citation omitted). Both libel and slander require a showing of falsity. Shively v Bozanich, 31 Cal 4th 1230, 1242 (2003) ("[A] written communication that is false * * * that exposes a person to contempt or ridicule or certain other reputational injuries, constitutes libel. A false and unprivileged oral communication attributing to a person specific misdeeds or certain unfavorable characteristics or qualities, or uttering certain other derogatory statements regarding a person, constitutes slander.") (citations omitted).

Plaintiffs' defamation claim alleges: First, that "by failing to remove the negative entries on plaintiffs' credit card reports," Bank of America defamed plaintiffs. Doc # 47-1 at 13. Second, "Bank of America reported to Chex Systems that plaintiffs were writing bad checks on insufficient funds." Id at 14. Third, plaintiffs were turned away when they tried to open a checking account with "Bank of the West." Id. Last, plaintiffs contend that they suffered damages as a result of "this defamation." Id.

Plaintiffs' defamation allegations therefore are based on the propriety of Bank of America asserting certain bank fees against plaintiffs' account. To put it simply, if the bank fees assessed to plaintiffs were proper, the reporting of such information to Chex Systems cannot be deemed "false." Such is the holding of Miller. Because the supreme court has ruled that the fees at issue are proper, the mere reporting of this truthful information cannot be the basis for a defamation claim under California law.

United States District Court
For the Northern District of California

Because plaintiffs' complaint does not state a claim that survives Miller, it is DISMISSED.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge